IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MADELINE NICOLE BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1109-B-BN |
| | § | |
| DANIEL EUGENE ABNEY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Madeline Nicole Brown filed this *pro se* lawsuit against an individual defendant who she identifies as molesting her when she was a minor. *See* Dkt. No. 3.

United States District Judge Jane J. Boyle referred the complaint to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the complaint, the undersigned questions whether there is subject matter jurisdiction and, given the circumstances of this case, enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction.

These findings and conclusions provide Brown notice as to the jurisdictional deficiencies. And the ability to file objections to the undersigned's recommendation that this case be dismissed for lack of jurisdiction (as further explained below) offers Brown an opportunity to establish (if possible) that the Court does have subject matter jurisdiction.

## Legal Standards

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). So consideration of "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (citation omitted).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

Brown chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)); *Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("Assertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." (cleaned up)).

And, if the party invoking federal jurisdiction fails to establish it, the lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established

argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

And, "[f]or diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the

demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))); *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) ("'The difference between *citizenship* and *residency* is a frequent source of confusion.' For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home. An allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" (emphasis in original; citations omitted)).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). And "a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Under Section 1331, federal question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

The "'creation' test … accounts for the vast bulk of suits under federal law."

*Gunn*, 568 U.S. at 257 (citation omitted). But

> "a federal court [is also] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

*Perez v. Se. SNF, L.L.C.*, No. 21-50399, 2022 WL 987187, at *3 (5th Cir. Mar. 31, 2022) (per curiam) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), then *Gunn*, 568 U.S. at 258).

## Analysis

Brown does not allege a civil cause of action against the named defendant. The complaint instead references a state criminal case number and makes related allegations, and so it appears that the complaint is intended to appeal to federal court the results of a state criminal proceeding.

If so, to the extent that this lawsuit was filed to challenge the results of state court litigation that has concluded, such that no appeal was pending when Brown filed this case in federal court, the *Rooker-Feldman* doctrine prevents the Court's jurisdiction "to modify or reverse" a state court proceeding. *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))); *accord Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see Jordaan v. Hall*, 275 F. Supp. 2d

778, 789 (N.D. Tex. 2003) (noting that the doctrine prevents "thinly veiled attempt[s] to circumvent the state appellate process and to collaterally attack – in the guise of a federal civil rights action – the validity of a state court [judgment] and other related orders"); *but see Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) ("*Rooker-Feldman* is inapplicable where a state appeal is pending when the federal suit is filed.").

And, even if *Rooker-Feldman* somehow does not apply, Brown still fails to show a basis for federal subject matter jurisdiction under either Section 1331 or Section 1332.

No facts provided show – or raise a reasonable inference – that a federal statute was violated or that resolution of a claim asserted through the complaint turns on "a substantial question of federal law." *Borden*, 589 F.3d at 172.

Just for example, to the extent that Brown intends to establish federal question jurisdiction by contending that a defendant violated the Constitution, "[a] plaintiff makes out a [42 U.S.C.] § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law.'" *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (cleaned up; quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting, in turn, *United States v. Classic*, 313 U.S.

299, 326 (1941))).

So, where a complaint cites Section 1983 or the Constitution, or includes allegations plausibly related to either, but a plaintiff's facts do not demonstrate that a defendant acted under color of state law, a plaintiff cannot establish subject matter jurisdiction under Section 1331. *See Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("[A]lthough Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. The district court was required to dismiss the complaint." (citation omitted)).

Brown also fails to establish jurisdiction under Section 1331 to the extent that she intends to bring criminal charges against – or "appeal" the result of a criminal proceeding concerning – the named defendant.

"[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion," so, as a private citizen, Brown has neither "standing to institute a federal criminal prosecution [nor the] power to enforce a criminal statute." *Gill v. State of Tex.*, 153 F. App'x 261, 262-63 (5th Cir. 2005) (per curiam) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) (In *Linda R.S.*, "the Court repeatedly emphasized 'the special status of criminal prosecutions in our system.' It is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in

the executive branch. And so it is not the province of the judiciary to dictate to executive branch officials who shall be subject to investigation or prosecution.... As a result, courts across the country have dutifully enforced this rule in case after case – refusing to hear claims challenging the decision not to investigate or prosecute another person." (collecting cases; citations omitted)).

Relatedly, criminal statutes usually will not create civil liability and therefore provide for subject matter jurisdiction. *See, e.g., Ennis Transp. Co. Inc. v. Richter*, No. 3:08-cv-2206-B, 2009 WL 464979, at *1 (N.D. Tex. Feb. 24, 2009) ("It is well established that generally there is no private cause of action for the violation of a federal criminal statute, and thus no jurisdiction for federal courts to preside over a suit between private parties when the only federal law allegedly violated is criminal. In rare circumstances, however, where a criminal statute has 'a statutory basis for inferring' the existence of a civil action, violation of a criminal statute may give rise to a private cause of action." (citations omitted)).

Nor has Brown established diversity jurisdiction under Section 1332 where the complaint both fails to properly establish the citizenships of the parties and includes allegations that raise a reasonable inference that each plaintiff's citizenship is not diverse from each defendant's citizenship.

**Recommendation**

The Court should dismiss this lawsuit for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: May 13, 2024

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE